IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD. | § § § | |
| *vs.* | § § | C.A. NO. H – 15 – 840 ADMIRALTY |
| M/V KACEY, *etc.*, *et al.* | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Mitsui Sumitomo Insurance Co., Ltd. files this Original Complaint against Defendants, the M/V KACEY, *in rem*, and Lua Line S.A. ("Lua"), Okino Kaiun K.K. ("Okino") and World Marine Co. Ltd. ("World"), *in personam*, and respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.  Plaintiff is a Japanese corporation with its principal place of business in Tokyo, Japan. At all times material, Plaintiff insured Toyota Tsusho Corporation ("Toyota") and/or the cargo. Plaintiff paid Toyota for the loss of the cargo under an insurance policy and is contractually and/or equitably subrogated to Toyota's interest in

the cargo. Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargo.

3. At all times material and on information and belief, the KACEY was an ocean–going bulk cargo carrying vessel bearing the name, "M/V KOMATSUSHIMA STAR," registered in Panama, bearing International Maritime Organization No. 9420277, weighing approximately 30,816 gross tons and engaged in the carriage of general cargo to and/or from ports in the United States.

4. At all times material and while she was named as the M/V KOMATSUSHIMA STAR, Lua owned, managed and/or operated the M/V KACEY as a common carrier of goods by water for hire between various ports, including the Ports of Ho Chi Minh City Port, Vietnam and Houston. Lua is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargos aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Lua is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Lua may not be subject to the jurisdiction of the courts of general

jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Lua has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Lua is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Lua with a summons is effective to establish personal jurisdiction over it. Lua can be served at its home office in care of World Marine Co. Ltd., 8th Floor, Kanpai Building, 22–27 Higashigotanda, 5–chome, Shinagawa–ku, Tokyo–to, 141–0022, Japan.

5. At all times material and while she was named as the M/V KOMATSUSHIMA STAR, Okino owned, managed and/or operated the M/V KACEY as a common carrier of goods by water for hire between various ports, including the Ports of Ho Chi Minh City Port and Houston. Okino is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargos aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. Okino is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Okino may not be subject to the jurisdiction of the courts of

general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Okino has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Okino is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Okino with a summons is effective to establish personal jurisdiction over it. Okino can be served at its home office at 7–22, Minami–Komatsushima–cho, Komatsushima–shi, Tokushima–ken, 773–0005, Japan.

6. At all times material and while she was named as the M/V KOMATSUSHIMA STAR, World managed and/or operated the M/V KACEY as a common carrier of goods by water for hire between various ports, including the Ports of Ho Chi Minh City Port and Houston. World is a foreign entity not authorized to do business in Texas but, on information and belief, at all times material, did business in Texas by carrying cargos aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. World is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although World may not be subject to the jurisdiction of the courts of

general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and World has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over World is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving World with a summons is effective to establish personal jurisdiction over it. World can be served at its home office at 8th Floor, Kanpai Building, 22–27 Higashigotanda, 5–chome, Shinagawa–ku, Tokyo–to, 141–0022, Japan.

7. On or about January 30, 2014, Toyota tendered in good order and condition to Defendants at Ho Chi Minh City Port various cargos of line pipes. Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Defendants acknowledged receipt of the cargos in good order and condition and, accordingly therewith issued various bills of lading, including Bills of Lading Nos. DISQHMHT 4900123 and DISQHMHT 4900133 through 4900138, free of exceptions or other notations for loss or damage, and loaded the cargos aboard the M/V KOMATSUSHIMA STAR.

8. In or about April 2014, the M/V KOMATSUSHIMA STAR arrived at Houston where Defendants later discharged and then delivered the cargos to Toyota's consignee, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, nicked, gouged, smashed, crushed, out of round, compressed, wet, rusty, corroded, contaminated, stained, scratched and otherwise

physically damaged. The damages and loss proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V KOMATSUSHIMA STAR.

9. Alternatively but without waiving the foregoing, at all times material and on information and belief, Plaintiff's damages and loss proximately resulted from World's act(s) and/or omission(s) constituting negligence in managing and/or operating the M/V KOMATSUSHIMA STAR.

10. Plaintiff proximately has sustained damages exceeding $32,497.15 plus interest dating from January 30, 2014, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mitsui Sumitomo Insurance Co., Ltd. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V KACEY, her engines, tackle, apparel, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V KACEY be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V KACEY, *in rem*, and Lua Line S.A., Okino Kaiun K.K. and World Marine Co. Ltd., *in personam*, jointly and severally, are

liable to Plaintiff for its damages as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

        Respectfully submitted,

        *SHARPE & OLIVER, L.L.P.*

By_____

        Robert C. Oliver
        State Bar No. 15255700
        S. D. Texas No. 886
        550 Westcott, Suite 230
        Houston, Texas 77007–5096
        Telephone:   (713) 864–2221
        Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

        ATTORNEYS FOR PLAINTIFF